# No. 22-1669

---

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

MICHAEL DUKES,

*Plaintiff-Appellant*



-V-

STEPHANIE WOOD and RACHEL MEDLOCK,

*Defendants-Appellees*

---

On Appeal from the United States District Court for the
Western District of Pennsylvania, 2:21-cv-00857
Before Honorable Patricia L. Dodge

---

## REPLY BRIEF OF
## APPELLANT MICHAEL DUKES

---

MICHAEL DUKES, Pro Se
SCI-Dallas
1000 Follies Road
Dallas, PA 18612

*Counsel of Record for Plaintiff-Appellant*

| TABLE OF CONTENTS | PAGES |
|---|---|
| Table of Authorities | ii |
|    In re: Coatesville Area School District, 244 A.3d 373, 379 (Pa 2001) | |
|    28 Pa Code 115.31-33 | 3 |
| Issue Presented | 1 |
| Argument | 1 |
| Conclusion | 4 |

## ISSUE PRESENTED

1. Whether issue and claim preclusion apply instantly because Plaintiff-Appellant was afforded a full and fair opportunity to litigate his claims?

**(Suggested Answer --- No.)**

## ARGUMENT
Plaintiff-Appellant did not have a Full and
Fair opportunity during the state proceedings
to present his 8th Amendment Medical Claim

Both Defendant-Appellees have asserted the unique species of affirmative defenses in addition to res judicata that include issue and claim preclusion. Defenses that can be sustained only upon a finding the opposing party has had:

> "a full and fair opportunity to litigate the issue in a prior proceeding and the resolution of the issue in the prior proceeding was essential to the relevant court's ultimate judgment. In re: Coatesville Area School District, 244 A.3d 373, 379 (Pa 2001)

In the case before this Court, the prior adjudication rests solely upon the statement made by Defendant-Appellee Wood, that she spoke to Dr. Barry Russell; who reversed the original prescription and now concurs with the substitution provided by Defendant-Appellee Medlock. Quoted below. [ECF. 1-N]

-1-

> "I have reviewed your medical records and this grievance. **I talked with Dr. Russell** the optometrist on site and reviewed your UMPC optometry records. You were seen at UMPC optometry and special glasses with progressive bifocal was ordered on 3-18-2019. The glasses were made at SCI- Cambridge Springs. The new glasses were given to you. **Dr. Russell did see the glasses in his clinic and did examine your vision and said the glasses were correct.** You keep requesting that you want new glasses to be made in the community and you do not want glasses from Cambridge   Springs. **Dr. Russell agrees that your glasses were made properly and you are not authorized to receive another pair at this time. Your medical care is appropriate.**

If these assertions are true, all previous court rulings absolutely must be affirmed.

On the other hand if they are untrue, and neither the state commonwealth court or the lower court, provided a full and fair opportunity to resolve the conflict between Dr. Russell's written statement and the contrary statement attributed to him by Defendant-Appellee Woods' account of a later conversation.

Dr. Russell examined Plaintiff-Appellant and the glasses on June 17, 2019, and found the substituted

> "new glasses aren't dark enough transitions, bifocal height needs changed and frames are too small this from to outside ophthalmology." Dr. Russell's "Plan: talk to members involved in order to make changes needed." [ECF No. 1-12]

-2-

Logically, deductive reasoning would conclude from this written statement that Defendant-Appellee Woods' assertion is at best a misrepresentation, at worst, a fraud.

Defendant-Appellee Wood argues the Commonwealth Court proceedings [and lower court] were 'full and fair' because:

> "In deciding whether to sustain the DOC's preliminary objections, the Commonwealth Court was free to consider '"any documents or exhibits attached to "Dukes' petition. (Citation omitted Wood Brief p. 18)

Plaintiff-Appellant cited to the record keeping regulations, 28 Pa Code 115.31-33, to refute Defendant-Appellant Wood's claim, questioning its veracity, because her statement Dr. Russell had reversed his previously written medical assessment and written prescription, had not been done in writing.

This Honorable body has plenary jurisdiction to determine whether as a matter of law this proceeding was full and fair, and whether as a matter of law a perjured statement can absolve the defendant-appellees of all 8th amendment violations, depriving Plaintiff-Appellant of Doctor prescribed medical treatment for a serious medical need?

-3-

The Commonwealth Court and lower district court made a credibility determination; believing Defendant-Appellee Woods' statement and not taking as true Plaintiff-Appellant's factual assertion, Dr. Russell and Dr. Smith both agreed, Defendant-Appellee Medlock's substituted prescription glasses were not the recommended prescription, and in need of correction.

## CONCLUSION

Wherefore Plaintiff Michael Dukes, respectfully moves before this Honorable Court for order reversing and remanding the Court below, with instructions to proceed to trial.

Respectfully Submitted

*Michael Dukes*

\*Michael Dukes AP3463
In Propria Persona
1000 Follies Road
Dallas, PA 18651

---

\* Address change, Appellee Briefs sent to Florida addressed to SCI-Fayette, and received December 5, 2022.

## CERTIFICATE OF SERVICE

A true and correct copy of the attached documents have been served upon opposing counsel of record by process of first class mail this 12th day of December 2022, addressed:

Office of Attorney General

1251 Waterfront Place
Mezzanine Level, Civil Litigation
Pittsburgh, PA 15222

And

Alexander Ferrante
716 N. Bethlehem Pike Ste 208
Lower Gwynedd, PA 19002

An original and seven copies of this brief has been sent to the Clerk of the United States Court of Appeals for the Third Circuit at 601 Market Street, Philadelphia, PA 19106.

*Michael Dukes*
Michael Dukes AP3463
In Propria Persona

12 December 2022

Michael Dukes AP3763
SCI Dallas
1000 Follies Road
Dallas, PA 18651




RECEIVED DEC 16 2022 U.S.C.A. 3rd. CIR

Office of the Clerk
For the Third Circuit
Court of Appeals
601 Market Street
Phila, PA 19106





RDC 99

19106

U.S. POSTAGE PAID
FCM LG ENV
SOUTHEASTERN, PA
19399
DEC 13, 22
AMOUNT
$3.36
R2304M115596-16